

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 3, 1947

Hon. E. V. Spence, Chairman
State Board of Water Engineers
302 West Fifteenth Street
Austin, Texas

Opinion No. V-368

Re: Authority of the Board
of Water Engineers to
pay salaries from funds
appropriated for stream
measurement, topogra-
phic surveys, etc.

Dear Colonel Spence:

Your request for opinion reads as follows:

"The Departmental Appropriation Bill, S. B. 391,
Acts of the Regular Session of the 50th Texas Legis-
lature, lists, among others, the following items of ap-
propriation for the State Board of Water Engineers
under the heading 'Maintenance and Miscellaneous';

|  | For years ending | |
| --- | --- | --- |
|  | August 31, 1948 | August 31, 1949 |
| "14. Stream Measurement, Quality of Water, Topographic Surveys, Statistical Compilations, and Hydrological Studies in cooperation with U. S. Geographical (Geological, typographic error) Survey - - - - - - - - - - - - - - - | $75,000.00 | $75,000.00 |
| "15. Underground and Quality of Water Investigations, statistical Compilations and Hydrological Studies in cooperation with U. S. Geological Survey - - - - - | 60,000.00 | 60,000.00 |
| "16. Duty Measurement, Silt Investigations, and Laboratory Analysis - - - - - - - | 7,500.00 | 7,500.00 |

"In making these appropriations the legislature used the same language used by previous legislatures in appropriating funds covering the above items.

"In hearings before the Appropriation Committee of the Senate and House of Representatives on the above items of appropriations, the officials of the State Board of Water Engineers explained that said sums included salaries on a cooperative basis with the Federal government for engineers, geologists, hydrographers, secretaries, statisticians, clerical help, etc. Also that these items included labor costs in constructing gaging stations and their maintenance and operations.

"Subsection (14)f. of Section 2, S.B. 391, supra, reads as follows:

"'f. Contingent expenses. None of the funds hereinabove appropriated for "contingent expenses" or "maintenance and miscellaneous" shall be used for the payment of any salaries unless specifically authorized to be paid in the itemization under contingent, maintenance, and miscellaneous items hereinabove set out and designated therein as "salaries," "extra help," or "seasonal labor."'

"The cooperative agreements with the U.S. Geological Survey run from year to year and the State Board of Water Engineers is now preparing an agreement for the year beginning September 1, 1947, and making allocations of funds for salaries, maintenance and operation, etc. Unless the Board can pay salaries out of the funds appropriated under items 14, 15 and 16, all stream measurement, underground and quality of water investigations, hydrological studies, duty measurement and silt investigations, etc., in Texas will stop as of September 1, 1947, as this work cannot be carried on without salaried employees.

"Will you please advise whether or not the State Board of Water Engineers may pay salaries out of the sums appropriated for its use under items 14, 15 and 16, supra, in view of Subsection (14)f. Section 2 of S.B. 391, Acts of the 50th Texas Legislature."

From the above quoted Items 14, 15 and 16 in the appropriation, it is apparent that the Legislature intended that the State Board of Water Engineers employ and pay the necessary salaries to those who would carry out the work for which the appropriations were specifically made. It is evident that none of the work specified in Items 14, 15 and 16 could be accomplished without payment of salaries. Although our interpretation must be made from the Bill as enacted, it is worth while to note that such interpretation of the legislative intent is substantiated by the statements in your request that the appropriations committees of the Senate and House were told that the above items included salaries necessary for the work, and by a statement from Senator A. M. Aiken and letters from Senator James E. Taylor, Senator Dorsey B. Hardeman, Representative C. H. Gilmer, and Representative C. S. McLellan, each of whom served on appropriations committees of either the Senate or the House and helped in the preparation of the Bill.

Your concern is prompted by the fact that Items 14, 15 and 16 were listed in the Appropriation Bill under the heading, "Maintenance and Miscellaneous," and might therefore be interpreted to fall within the rider in Subsection (14)f of Section 2 of the Bill, copied above. This rider forbids the use of "Maintenance and Miscellaneous" funds for salaries unless specifically authorized in the itemization and designated as "salaries," "extra help," or "seasonal labor."

It is possible to reconcile and avoid any conflict between the provisions by looking to the intent of the Legislature in writing both of these provisions. In Subsection (14)f, Section 2, the Legislature limits the use of funds appropriated for "Contingent Expenses" or "Maintenance and Miscellaneous." An examination of the present and past Departmental Appropriation Bills indicates many items listed by such terms, and it is apparent that the Legislature intended to prevent payment of salaries from items which are merely listed under one of the above terms. For instance, Item 12 in your appropriation calls for "Office Supplies, Equipment, Utilities, Bond Premiums, and Contingent . . .$3700.00." It is clear that no salaries could be paid out of this itemization.

But Items 14, 15 and 16, although listed under the general heading of "Maintenance and Miscellaneous," are not actually appropriations for either "Contingent Expense" or "Maintenance and Miscellaneous." Those items are for certain very specific work of your department, including "stream measurement," "underground and quality of water investigations," "hydrological studies," "duty measurement," and "silt investigations." None of these items could be termed as mere "Contingent Expense" or "Maintenance and Miscellaneous," and they are not so termed in the specific wording of the items. The only indication to the contrary is that they have been

placed along with other items under the general heading of "Maintenance and Miscellaneous." Under the fundamental rule of construction that in case of conflict definite and specific wording should control over a general heading or description in determining legislative intent, it is our opinion that Items 14, 15 and 16 may be used to pay necessary salaries for the purposes therein authorized, and that such items are not within the prohibition of Subsection (14)f of Section 2.

## SUMMARY

Although improperly listed under the general heading of "Maintenance and Miscellaneous," Items 14, 15 and 16 of the appropriation for the State Board of Water Engineers in Senate Bill 391, 50th Legislature, for "stream measurement," "underground and quality of water investigations," etc., are not mere "Contingent Expense" or "Maintenance and Miscellaneous" items within the meaning of Subsection (14)f, Section 2, providing that "Contingent Expense" and "Maintenance and Miscellaneous" funds may not be used for payment of salaries. Therefore, salaries may be paid to accomplish the work as clearly specified and intended by the Legislature in the above items.

Yours very truly,

Price Daniel
Price Daniel
Attorney General

PD:sl